UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISTIAN BERRELLEZA-VERDUZCO,<br><br>Defendant. | NO. CR12-62RSL<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |

This matter comes before the Court on Defendant Cristian Berrelleza-Verduzco's "Defense Motions to Continue Sentencing; Continue Time for Making a Motion to Withdraw Guilty Plea; Shorten Time for Making Motion to Continue Sentencing and Motion to Withdraw Guilty Plea; and to Appoint Counsel to Represent the Defendant if His Retained Counsels are Permitted to Withdraw," dkt. # 1284, "Defense Motions to Withdraw Guilty Plea," dkt. # 1285, and "Memorandum of Authority Withdraw Guilty Plea," dkt. # 1294.

On May 23, 2014, the date set for Defendant's sentencing hearing, the Court held a status conference. Dkt. # 1290. The Court permitted the withdrawal of Defendant's counsel, Robert Leen and Ricardo Hernandez,[1] and established a briefing schedule for Defendant's motion to withdraw guilty plea. Id.; Dkt. # 1292. The Court heard oral arguments on Defendant's motion to withdraw guilty plea on June 20, 2014. For the reasons set forth below, the Court DENIES

---

[1] Walter O. Peale remained as counsel for Defendant. Dkt. # 1292.

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 1

Defendant's motion to withdraw guilty plea.[2]

## I. BACKGROUND

In March 2012, Cristian Berrelleza-Verduzco, along with 29 co-defendants,[3] was charged with multiple crimes related to his alleged involvement with the Berrelleza drug-trafficking organization, a large-scale drug trafficking organization responsible for importing large amounts of heroin and methamphetamine into the United States, and eventually Western Washington, and smuggling money and firearms into Mexico. Dkt. # 1. Among other crimes, Defendant was charged with conspiracy to distribute methamphetamine and heroin, conspiracy to engage in money laundering, conspiracy to interfere with commerce by robbery, and conspiracy to possess firearms in furtherance of drug trafficking crimes and crimes of violence. Dkt. # 226 at 1-11.[4]

On April 23, 2013, at Defendant's request, Defendant participated in a joint settlement conference with U.S. District Court Judge Ricardo S. Martinez,[5] his brother, Victor Berrelleza-Verduzco, who was also a co-defendant, and co-defendant Juan Magana-Guzman. Dkt. # 1302 ¶¶ 15, 22, 26, 28, 35, 37. Later that day, Defendant pleaded guilty to conspiracy to distribute controlled substances, conspiracy to engage in money laundering, conspiracy to interfere with commerce by robbery, conspiracy to possess firearms in furtherance of a drug trafficking offense, and one count of possession of a firearm in furtherance of a drug trafficking offense. Dkt. # 857 at 1-2. During the change of plea hearing before the Court, the Court reviewed the

---

[2] Defendant's motion to continue sentencing (Dkt. # 1284) is GRANTED.

[3] The Superseding Indictment charged a total of 34 defendants in the above-captioned matter. Dkt. # 226.

[4] Defendant was also charged with five counts of possession of firearms in furtherance of a drug trafficking offense, four counts of alien in possession of a firearm, one count of attempted possession of controlled substances with intent to distribute, four counts of possession of controlled substances with intent to distribute, one count of attempted possession of methamphetamine with intent to distribute, and one count of attempted possession of heroin. Dkt. # 226 at 11-25.

[5] Judge Martinez is not the trial or sentencing judge in this case.

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 2

plea agreement with Defendant. Defendant testified under oath, that the plea agreement had been translated and read to him before the hearing. Dkt. # 1293 at 3. The Court reviewed the elements of the crimes to which he was pleading guilty and Defendant, working through a court certified translator, acknowledged that he understood the elements of the crimes. Id. at 5-7. The Court explained that by pleading guilty, Defendant was facing a mandatory minimum prison sentence of 15 years and Defendant stated he understood. Id. at 9-10. After a thorough plea colloquy, id. at 10-13, Defendant agreed that he was entering into the plea agreement freely and voluntarily and no one made any threats or promises beyond those in the plea agreement to convince him to plead guilty, id. at 18. Based on Defendant's responses during the hearing, the Court accepted Defendant's guilty plea. Id. at 19.

## II. DISCUSSION

Whether to permit the withdrawal of a guilty plea "is solely within the discretion of the district court." United States v. Showalter, 569 F.3d 1150, 1154 (9th Cir. 2009) (quoting United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003)). A defendant may withdraw a guilty plea after the court accepts it, but before sentencing if the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Ninth Circuit law provides that "[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovery evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citation omitted). While the "fair and just reason" standard is to be liberally applied, United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005), the defendant bears the burden of showing that withdrawal is warranted. Showalter, 569 F.3d at 1154.

Defendant seeks to withdraw his guilty plea on the grounds that he received ineffective assistance of counsel, the settlement conference was coercive, and the Court failed to discuss the interdependence provision in the plea agreement during the change of plea hearing. Dkt. # 1294

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 3

at 1-2.[6]  The Court addresses each argument in turn.

**A.     Ineffective Assistance**

"Erroneous or inadequate legal advice may . . . constitute a fair and just reason for plea withdrawal." United States v. Bonilla, 637 F.3d 980, 983 (9th Cir. 2011).  Defendant "is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived could have at least plausibly motivated a reasonable person in [Defendant's] position not to have pled guilty." Id. (internal quotation marks omitted).  Defendant argues that his decision to plead guilty was not knowing or intelligent due to his former counsel's failure to explain the charges and evidence against him, and the procedural and substantive law applicable to his case. Dkt. # 1294 at 6.  Even though Defendant's former counsel, Ricardo Hernandez, is fluent in Spanish, Defendant's native language, Defendant also contends that Mr. Hernandez's assistance was ineffective because Mr. Hernandez failed to use a court certified interpreter for meetings and he failed to provide documents and discovery in Spanish. Id. at 8-9.

With respect to Defendant's contention that Mr. Hernandez did not explain the charges and evidence against him, Defendant's testimony during the change of plea hearing and the hearing on this motion contradict these allegations.  First, during the change of plea hearing, Defendant agreed that the plea agreement, which explained the charges against him, had been translated and read to him. Dkt. # 1293 at 3.  Moreover, Defendant confirmed that he understood the elements of the charges to which he was pleading guilty. Id. at 5-7.  Second, during the hearing on Defendant's motion to withdraw the plea, Defendant testified that Mr. Hernandez reviewed the discovery with him and read investigation reports and transcripts of wiretapped phone calls to him.  Additionally, he and Mr. Hernandez listened to the recorded phone calls during their meetings.  Defendant's testimony is consistent with Mr. Hernandez's statements that he met with Defendant frequently and reviewed the charges and discovery with

---

[6] During oral argument, counsel for Defendant withdrew his argument that Defendant did not receive notice of his right to contact the Mexican consulate as required by the Vienna Convention.

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 4

him. Dkt. # 1032 ¶¶ 43-44, 46.

As for Defendant's argument that Mr. Hernandez did not give him discovery in Spanish and never used a court certified translator for their meetings, the Court finds that these failures do not constitute fair and just reasons to withdraw his plea. Although these assertions are factually correct, Defendant does not claim that he did not understand Mr. Hernandez. See Dkt. # 1285; Dkt. # 1294. Similarly, Defendant never told Mr. Hernandez that he did not understand him or the concepts they discussed during their meetings. Dkt. # 1302 ¶ 8.

Despite Defendant's arguments to the contrary, the Court finds that Plaintiff's motion is driven by remorse and regret rather than his counsel's alleged failures to communicate. Defendant stated several times during the hearing that he thought about the plea agreement after he signed it and realized he had made the wrong decision. After he pleaded guilty, Defendant studied the plea agreement and told Mr. Hernandez that there were mistakes in the agreement that he wanted the government to correct. This is consistent with his initial hesitation to agree with the plea agreement's description of the violent nature of the crimes. See Dkt. # 1293 at 16-17. Defendant's motion to withdraw his guilty plea is an example of buyer's remorse, not ineffective assistance of counsel.

**B.    The Settlement Conference**

Defendant contends that he was pressured and coerced into pleading guilty through his participation in a settlement conference. Dkt. # 1294 at 4, 16. He relies on the Supreme Court's recent decision in United States v. Davila, ___ U.S. ____, 133 S.Ct. 2139, 186 L.Ed.2d 139 (2013). In Davila, the Court held that a violation of Rule 11(c)(1), which prohibits judicial participation in plea discussions, does not result in automatic vacatur of the plea. Davila, 133 S.Ct. at 2148. Instead, the reviewing court should consider whether it was reasonably probable that, but for the court's participation in the plea discussions, the defendant would have exercised his right to go to trial. Id. at 2150. During a pre-plea agreement *in-camera* hearing in Davila, a U.S. Magistrate Judge urged the defendant to accept responsibility, plead guilty, and try to get a

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 5

downward departure at sentencing before wasting the court's time and the government's money in the "open and shut case." Id. at 2144.  More than three months later, the defendant pleaded guilty. Id. at 2144-45.  The district court denied the defendant's motion to withdraw the guilty plea because the defendant was fully informed of his rights at the time of the plea and he confirmed that he was not under any pressure and no one had threatened him or made any promises beyond those in the plea agreement. Id. at 2145.  On appeal, there was no dispute that the Magistrate Judge violated Rule 11(c)(1).

      While it is true that Defendant participated in a settlement conference with a U.S. District Court Judge and later pleaded guilty, the facts of this case are distinguishable from those presented in Davila.  First, Defendant, not his counsel, made several requests to engage in a settlement conference with Judge Martinez. Dkt. # 1302 ¶¶ 15, 26, 28.  Second, although there is no official transcript of the settlement conference, Defendant does not allege (and there is no suggestion elsewhere) that Judge Martinez pressured Defendant to plead guilty, made any threatening comments regarding his potential sentence, or otherwise influenced Defendant's decision.  Rather, Defendant contends that his plea should be withdrawn just by virtue of his participation in the settlement conference. Dkt. # 1285-1 at 2.  In concluding that a reviewing court must consider the impact of a Rule 11(c) violation on a defendant's decision to plead guilty, the Supreme Court emphasized that the particular facts and circumstances of each case matter. 133 S.Ct. at 2149.  Here, there is no evidence or suggestion that Defendant was prejudiced by the settlement conference.  Furthermore, Defendant affirmed during the change of plea hearing that he was entering into the plea agreement voluntarily and that no one had threatened him or made any promises other than those contained in the plea agreement. Dkt. # 1293 at 18.  Because the record shows no prejudice to Defendant's decision to plead guilty, the Court finds that Defendant's participation in the settlement conference does not constitute a fair and just reason to withdraw his plea.

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 6

### C.   Adequacy of Plea Colloquy

Before a district court may accept a criminal defendant's guilty plea, Fed. R. Crim. P. 11 requires the court to address the defendant to determine whether the defendant understands the charges against him, the rights that he is giving up by pleading guilty, any applicable maximum and mandatory minimum penalties and the court's authority for imposing the sentence. Fed. R. Crim. P. 11(b)(1).  Additionally, the Court must determine whether the plea is voluntary and whether there is a factual basis for the plea. Fed. R. Crim. P 11(b)(2), (3).  Finally, when the parties reach a plea agreement, absent good cause, "[t]he parties must disclose the plea agreement in open court." Fed. R. Crim. P. 11(c)(2).

Here, Defendant argues that his guilty plea should be withdrawn because the disclosure of the plea agreement in open court did not include a reference to or disclosure of the plea agreement's interdependence provision. Dkt. # 1294 at 12-16.  This provision of the plea agreement provides that the plea agreement was contingent upon the Court's acceptance of the plea agreements involving Defendant's two brothers and two other co-defendants in this matter, Juan Magana-Guzman and Enrique Magana-Guzman. Dkt. # 857 at 9.  "Though package deal plea agreements are not per se impermissible, they pose an additional risk of coercion not present when the defendant is dealing with the government alone." United States v. Caro, 997 F.2d 657, 659 (9th Cir. 1993).  As a result, "the trial court should make a more careful examination of the voluntariness of a plea" when there is the potential that it was induced through threats or promises. Id.  In Caro, the district court was not aware of the package plea deal and therefore, did not perform a more careful examination of the voluntariness of the plea. Id. at 660.

Although the government did not explicitly inform the Court of the interdependent nature of the agreement during the change of plea hearing, the Court was aware that Defendant's plea was part of a package deal at the time, having reviewed the plea agreements entered into by Defendant's brother, Victor Berrelleza-Verduzco and Juan Magana-Guzman, both of which

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 7

y

contain similar interdependence provisions, earlier that day. <u>See</u> Dkt. # 850, 851, 852, 855, 856, 857. Thus, the government's failure to inform the Court of this fact did not affect the scope of the Court's inquiry. Additionally, the Court's failure to specifically question Defendant about the interdependent nature of the plea agreement does not present a fair and just reason to withdraw the guilty plea in this case. The Court conducted a thorough plea colloquy pursuant to Fed. R. Crim. P. 11 and Defendant testified that he was entering the agreement freely and voluntarily and no one made any promises or threats to convince him to plead guilty. Dkt. # 1293 at 18. Even now, Defendant does not contend that his co-defendants threatened or otherwise coerced him to plead guilty. Rather, he acknowledges that he was motivated to plead guilty in part out of concern for his brother. He wanted to help his brother avoid trial and receive a lesser sentence. Dkt. # 1285-1 at 3. Defendant's desire to help his brother differs markedly from a defendant who pleads guilty because he has been threatened by his co-defendants. Thus, the Court's failure to ask Defendant about the interdependence provision of the plea agreement does not constitute a fair a just reason to withdraw his guilty plea.

## III. CONCLUSION

For all of the foregoing reasons and for the reasons the Court articulated at the hearing on June 20, 2014,[7] the Court GRANTS Defendant's motion to continue sentencing (Dkt. # 1284) and DENIES Defendant's motion to withdraw guilty plea and memorandum of authority

---

[7] When the Court made its oral ruling during the hearing on June 20, 2014, the Court found Defendant's motion to be the product of regret and remorse. During the hearing, Defendant testified that he did not mention any of his present concerns in response to the Court's questions during the change of plea hearing because he relied on the Court's assurance at the beginning of that hearing that he would be treated fairly. However, Defendant's version of events is not supported by the transcript of the change of plea hearing. While the Court did pledge to be fair and consider all of Defendant's arguments at sentencing, it did so *after* Defendant agreed that his plea was voluntary and that he had not been threatened or promised anything beyond the contents of the plea agreement. This took place *after* the Court had accepted Defendant's guilty plea and *after* the Court had set a sentencing date. Thus, Defendant could not have relied on the Court's statements at the time he entered his guilty plea. The Court concludes that Defendant's motion and arguments are premised on recreated facts and not supported by the record.

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 8

supporting motion to withdraw (Dkt. # 1285, 1294).

DATED this 1st day of July, 2014.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
WITHDRAW GUILTY PLEA - 9