1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8    UNITED STATES OF AMERICA,

9                         Plaintiff,              No. CR12-62RSL

10              v.

11   CRISTIAN BERRELLEZA-VERDUZCO,               ORDER DENYING MOTION TO
                                                 REDUCE SENTENCE
12                        Defendant.             PURSUANT TO 18 U.S.C. § 3582

13

14          This matter comes before the Court on defendant's pro se motion to reduce his sentence

15   pursuant to 18 U.S.C. § 3582, Dkt. # 1432, which the government opposes, Dkt. # 1434.  Having

16   reviewed the parties' briefing and the relevant record, the Court finds as follows.

17          In April 2013, pursuant to an agreement with the government, Dkt. # 857, defendant pled

18   guilty to a series of drug trafficking crimes:  one count of conspiracy to distribute controlled

19   substances (under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846); one count of conspiracy to

20   engage in money laundering (under 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), & 1956(a)(1)(B)(i));

21   one count of conspiracy to interfere with commerce by robbery (under 18 U.S.C. § 1951); one

22   count of conspiracy to possess firearms in furtherance of a drug trafficking crime (under 18

23   U.S.C. § 924(o)); and one count of possession of a firearm in furtherance of a drug trafficking

24   crime (under 18 U.S.C. § 924(c)).  Case No. CR12-62RSL, Dkt. # 852.  In September 2014, the

25   Court sentenced defendant to 324 months in custody, followed by five years of supervised

26   ORDER DENYING MOTION TO
     REDUCE SENTENCE PURSUANT
     TO 18 U.S.C. § 3582

release. Case No. CR12-62RSL, Dkt. # 1317. Defendant timely appealed the Court's order denying his motion to withdraw his plea, and on July 12, 2016, the Ninth Circuit affirmed. Case No. CR12-62RSL, Dkt. # 1421. In August 2016, defendant moved to vacate his sentence under 28 U.S.C. § 2255. Dkt. # 1425. The Court denied that motion on November 22, 2016. Case No. C16-1308RSL, Dkt. # 10.

On February 13, 2017, defendant filed this motion to reduce his sentence under 18 U.S.C. § 3582. That provision authorizes courts to reduce a previously imposed sentence in light of subsequent amendments to the Sentencing Guidelines. In requesting a sentence reduction, defendant relies on Amendment 788 to the Sentencing Guidelines, which made Amendment 782 (reducing the recommended penalties for most drug offenses by lowering the offense levels on the § 2D1.1 Drug Quantity Table) retroactively applicable. But because Amendment 782 does not lower defendant's Sentencing Guidelines range, it cannot provide grounds for reducing defendant's sentence.

Specifically, using the 2012 Guidelines Manual, U.S. Sentencing and Probation calculated defendant's base offense level for Counts 1, 2, and 4 as Level 38. Dkt. # 1235, ¶ 58. U.S. Sentencing and Probation then recommended upward adjustments for importation of methamphetamine (+2); money laundering (+2); and leadership (+4). Dkt. # 1235, ¶¶ 60, 62, 64. Thus, defendant's combined adjusted offense level was Level 46. The U.S. Sentencing Guidelines table only goes up to Level 43, and directs that "[a]n offense level of more than 43 is to be treated as an offense level of 43." U.S.S.G. Ch. 5, Pt. A, cmt. n.2; Dkt. # 1235, ¶ 80. With a Criminal History Category of I, defendant's resulting Sentencing Guidelines range was "Life," followed by a mandatory consecutive five years' imprisonment for Count 33. Dkt. # 1235, ¶ 100. The Court ultimately varied downward from the Guidelines range and imposed a sentence of 324 months' imprisonment. Dkt. # 1317 at 3.

ORDER DENYING MOTION TO
REDUCE SENTENCE PURSUANT
TO 18 U.S.C. § 3582                    -2-

Amendments 782 and 788 would not lower defendant's Guidelines range, because even with the two-level reduction required by those amendments, defendant's adjusted offense level would be 44 rather than 46. Accordingly, defendant's Guidelines range would still be calculated based on offense level 43 and Criminal History Category I. The Court lacks jurisdiction to reduce a sentence based on a sentencing range that is not lowered by a retroactively applicable Guidelines amendment. See United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009).

Accordingly, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (Dkt. # 1432) is DENIED.

Dated this 25th day of April, 2017.


Robert S. Lasnik
United States District Judge